IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DONALD M. RICHARDS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 317-023 |
| | ) |
| SHERIFF LYNN SHEFFIELD; | ) |
| CAPTAIN LAW; LT. BARENTINE; | ) |
| SGT. ALAN; SGT. DANIELS; | ) |
| DODGE COUNTY LAW | ) |
| ENFORCEMENT CENTER; and | ) |
| MEDICAL SUBCONTRACTOR,[1] | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Clayton County Prison, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Dodge County Law Enforcement Center ("LEC") in Eastman, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff names the following Defendants: (1) Lynn Sheffield, Sheriff of Dodge County;

---

[1]The Court **DIRECTS** the **CLERK** to remove "Dodge County Law Enforcement Center" from the title on the docket of Defendant Medical Subcontractor.

(2) Captain Law, Dodge County LEC; (3) Lt. Barentine, Dodge County LEC; (4) Sgt. Alan, Dodge County LEC; (5) Sgt. Daniels, Dodge County LEC; (6) Dodge County LEC; and (7) Medical Subcontractor. (Doc. no. 1, pp. 1, 3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

"The officers" at the LEC held Plaintiff for eight days on a misdemeanor drug charge, and they did not advise Plaintiff of his <u>Miranda</u> rights or set a bond.[2] (Doc. no. 1, p. 5.) Once he was given a bond, "these same officers" refused to allow Plaintiff to post his bond because a drug force task agent wanted a bond revocation hearing held. (<u>Id.</u>) A local magistrate judge held a hearing but refused to revoke the bond. Plaintiff bonded out of jail on the tenth day after his arrest. (<u>Id.</u>)

"Early on" in his incarceration at the LEC, two fellow inmates attempted to rob Plaintiff, but he fought them off. (<u>Id.</u>) Plaintiff immediately notified Defendant Daniels of the altercation and was taken for emergency medical care. (<u>Id.</u>) "A few months later," one of the attempted robbers returned to Plaintiff's pod at the direction of "Defendant Daniels' crew," and the resultant altercation caused Plaintiff to receive multiple injuries, which again required medical treatment. (<u>Id.</u>)

On June 13, 2016, Plaintiff slipped on a newly-mopped floor at the LEC, causing injuries to Plaintiff's neck and shoulders. (<u>Id.</u> at 6.) Three officers not named as Defendants laughed at Plaintiff when he fell. (<u>Id.</u>) Officials at the facility at which Plaintiff was housed when he filed his complaint, Autry State Prison ("ASP") in Pelham, Georgia, refused to provide the medical treatment Plaintiff wants, including an x-ray of his neck and shoulders. (<u>Id.</u>) Plaintiff also injured a tooth at some point since his incarceration began, and unidentified officials at ASP

---

[2] Plaintiff does not provide the date of his arrest.

2

refuse to pull the tooth, instead telling Plaintiff to gargle with salt water. (Id.) As a fellow inmate who is a local resident has had a tooth pulled, Plaintiff, who is not from the Pelham area, alleges the refusal to pull his tooth stems from discrimination.

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'"

or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Other than Defendant Daniels, Plaintiff Fails to Mention Any Individual Defendant by Name.

Throughout his statement of claim, Plaintiff does not identify any individual Defendant by name, but for Defendant Daniels. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Here, Plaintiff never mentions Defendants Sheffield, Law, Barentine, Alan, or the unidentified Medical Subcontractor in his statement of claim.[3] (Doc. no. 1, pp. 5-6.)

---

[3]In any event, it appears Plaintiff's claims regarding x-rays for his neck and shoulder, as well as pulling a broken tooth, are complaints concerning his treatment at ASP, not any individual or entity at the LEC. With respect to the unidentified Medical Subcontractor, Plaintiff references only "this facility" failing to provide the medical care he believes he needs. (Doc. no. 1, p. 6.) At the time Plaintiff filed his complaint, he was incarcerated at ASP in Pelham,

4

Therefore, even if the Court were to assume for the sake of argument there was an arguably viable constitutional claim within Plaintiff's statement of claim, Plaintiff fails to associate any named Defendant, other than Defendant Daniels, with it. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendants Sheffield, Law, Barentine, Alan, and Medical Subcontractor.

### 3. Liability May Not Be Imposed Simply By Virtue of Supervisory Position.

Even if Plaintiff had mentioned Defendants Sheffield, Law, Barentine, and Alan, or the Medical Subcontractor in his statement of claim, Plaintiff may not hold them liable merely by virtue of their supervisory positions as Sheriff, Captain, Lieutenant, Sergeant, or employer, respectively. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

---

Georgia. (See id. at 9.) Any claims Plaintiff believes he has concerning his treatment at ASP must be filed in a separate lawsuit in the Middle District of Georgia, the District within which ASP is located. See 28 U.S.C. § 1391(b).

violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants Sheffield, Law, Barentine, Alan, and the Medical Subcontractor liable, Plaintiff must demonstrate that either (1) each Defendant actually participated in the alleged constitutional violation, or (2) there is a causal connection between each Defendant's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff never mentions these five Defendants in his statement of claim and appears to name them as Defendants not because of their direct involvement in the events about which he complains, but merely because of their supervisory positions. (See generally doc. no. 1.)

Likewise, Plaintiff must allege a causal connection between each Defendant and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the

6

subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

As previously explained, Plaintiff never mentions these five Defendants in his statement of claim, let alone does Plaintiff draw the necessary causal connection to any alleged constitutional violations. In sum, Plaintiff has not shown Defendants Sheffield, Law, Barentine, Alan, and Medical Subcontractor actually participated in the alleged constitutional violations; nor has he drawn the necessary causal connection to any alleged constitutional violation.[4] Therefore, Plaintiff fails to state a claim upon which relief can be granted against these five Defendants.

### 4. Plaintiff Fails to State a Valid Deliberate Indifference Claim Against the Named Defendants Based on Slippery Floors at the LEC.

Even if Plaintiff had connected any individually named Defendant to any particular claim other than Defendant Daniels and the failure to protect claim, Plaintiff fails to state a claim upon which relief can be granted based on his slip and fall on June 13, 2016. A claim for deliberate indifference under the Eighth Amendment requires satisfaction of an objective and a subjective component. To state a valid claim, Plaintiff would have had to allege a defendant not only had (1) subjective knowledge of a risk of serious harm, but he or she also (2) disregarded that risk, (3) by conduct that is more than mere negligence. See Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

To satisfy the objective component, the prisoner bears the burden of proving the challenged prison condition is "extreme" and "pose[s] an unreasonable risk of serious

---

[4] Of course, as explained in footnote three, assuming the Medical Subcontractor is actually located at ASP, claims against persons located in Pelham, Georgia, must be filed in the Middle District of Georgia.

7

damage to [the prisoner's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotations omitted). In order to violate the Eighth Amendment, the risk of harm from the condition must be "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." Id. (citation and internal quotations omitted). Stated differently, the condition must result in the denial "of the minimal civilized measure of life's necessities." Id.

Plaintiff must also satisfy a subjective prong by showing the jail officials acted with deliberate indifference. Id. This does not require that the jail official purposefully acted to cause harm, but it does involve something beyond mere negligence. Id.; Melton, 841 F.3d at 1223. The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id. A prison condition generally does not violate the Eighth Amendment unless it involves "the wanton and unnecessary infliction of pain." Chandler, 379 F.3d at 1289 (quotation marks and citation omitted).

Here, Plaintiff's allegations fail to satisfy either the objective or subjective prong of deliberate indifference. Even if Defendants failed to properly mark a recently mopped floor, the failure at most amounts to negligence. Indeed, these conditions cannot pose an extreme or unreasonable risk of harm, as "[s]lippery floors constitute a daily risk faced by members of the public at large." Harvey v. Plowman, No. 3:11CV437, 2012 WL 6135818, at *3 (N.D. Fla. Nov. 7, 2012), *adopted by* 2012 WL 6138339 (N.D. Fla. Dec. 11, 2012). Consequently, "[s]lip and fall accidents do not give rise to federal causes of action." Wynn v. Ankoh, No. 1:04 CV 37, 2006 WL 2583370, at *2 (M.D. Ga. Sept. 6, 2006); see also White v.

Kimbrough, No. 1:12-CV-3581, 2013 WL 5436715, at *1 (N.D. Ga. Sept. 27, 2013) (concluding prison conditions resulting in slip and fall were result of mere negligence and not actionable in § 1983).

Accordingly, even if Plaintiff had properly identified any named Defendant responsible for failing to mark the mopped floors, he fails to state a claim for deliberate indifference based on his slip and fall.

### 5. The LEC Is Not Subject to Liability in a § 1983 Suit.

Lastly, the LEC is not a proper party because county jails are not subject to liability under § 1983. See, e.g., Smith v. Chatham Cty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42 U.S.C. § 1983."), *adopted by* 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010); Bolden v. Gwinnett Cty. Det. Ctr. Med. Admin. Med. Doctors & Staff, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all."). Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983; see also Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).

Thus, Plaintiff fails to state a claim upon which relief can be granted against the LEC.

**II.  CONCLUSION**

For the reasons set forth above, Plaintiff fails to state a claim upon which can be granted against Defendants Sheffield, Law, Barentine, Alan, the Dodge County Law Enforcement Center, and Medical Subcontractor. Accordingly, the Court **REPORTS** and **RECOMMENDS** these six Defendants be **DISMISSED** from this case. By separate Order, the Court directs service of process on Defendant Daniels based on a failure to protect claim.

SO REPORTED and RECOMMENDED this 8th day of September, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA