IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DONALD M. RICHARDS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-023 |
| | ) | |
| SHERIFF LYNN SHEFFIELD; | ) | |
| CAPTAIN LAW; LT. BARENTINE; | ) | |
| SGT. ALAN; SGT. DANIELS; | ) | |
| DODGE COUNTY LAW | ) | |
| ENFORCEMENT CENTER; and | ) | |
| MEDICAL SUBCONTRACTOR, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 15). The Magistrate Judge recommended dismissal of six of seven named Defendants because Plaintiff failed to state a claim against them upon which relief can be granted. (See doc. no. 13.) Having the benefit of the Magistrate Judge's analysis, Plaintiff attempts to avoid dismissal of three Defendants by arguing the Magistrate Judge "misunderstood" the allegations in the complaint. The Court disagrees with Plaintiff's argument.

First, by virtue of Plaintiff's location at Autry State Prison in Pelham, Georgia, at the time of filing his complaint, his claims about ongoing medical treatment were correctly

interpreted as arising in the Middle District of Georgia and therefore unrelated to Defendants at the Dodge County Law Enforcement Center. (See id. at 2, 4-5 & n.3.) Second, the Magistrate Judge appropriately determined multiple Defendants, including the three Plaintiff wants to stay in the case, should be dismissed because (1) Plaintiff failed to mention them by name or raise any allegation specifically associating them with a purported constitutional violation, and (2) liability may not be imposed by virtue of a supervisory position. (Id. at 4-7.) Plaintiff now alleges in conclusory fashion that his alleged improper medical treatment occurred at the Dodge County Law Enforcement Center. (See doc. no. 15.) Furthermore, Plaintiff asserts he told Defendants Law, Barentine, and the Medical Subcontractor at some unidentified time, in some unidentified way, that he needed some type of medical treatment other than what he had been provided. (Id. at 2-3.)

Plaintiff may not avoid dismissal of claims and Defendants by providing piecemeal, conclusory information in his objections that is at odds with the plain language of his original complaint. To the extent Plaintiff wants to change the facts comprising his claims attested to as true under penalty of perjury in his original complaint, he must follow the requirements of Federal Rule of Civil Procedure 15 to amend those claims. However, Plaintiff may not avoid the results of the Magistrate Judge's legally-sound analysis with an about-face change, devoid of factual specificity, to his deficient allegations. Therefore, the Court **OVERRULES** the objections.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DISMISSES** from this case Defendants Sheffield, Law, Barentine, Alan, the Dodge County Law Enforcement Center, and the Medical Subcontractor. The case

interpreted as arising in the Middle District of Georgia and therefore unrelated to Defendants at the Dodge County Law Enforcement Center. (See id. at 2, 4-5 & n.3.) Second, the Magistrate Judge appropriately determined multiple Defendants, including the three Plaintiff wants to stay in the case, should be dismissed because (1) Plaintiff failed to mention them by name or raise any allegation specifically associating them with a purported constitutional violation, and (2) liability may not be imposed by virtue of a supervisory position. (Id. at 4-7.) Plaintiff now alleges in conclusory fashion that his alleged improper medical treatment occurred at the Dodge County Law Enforcement Center. (See doc. no. 15.) Furthermore, Plaintiff asserts he told Defendants Law, Barentine, and the Medical Subcontractor at some unidentified time, in some unidentified way, that he needed some type of medical treatment other than what he had been provided. (Id. at 2-3.)

Plaintiff may not avoid dismissal of claims and Defendants by providing piecemeal, conclusory information in his objections that is at odds with the plain language of his original complaint. To the extent Plaintiff wants to change the facts comprising his claims attested to as true under penalty of perjury in his original complaint, he must follow the requirements of Federal Rule of Civil Procedure 15 to amend those claims. However, Plaintiff may not avoid the results of the Magistrate Judge's legally-sound analysis with an about-face change, devoid of factual specificity, to his deficient allegations. Therefore, the Court **OVERRULES** the objections.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DISMISSES** from this case Defendants Sheffield, Law, Barentine, Alan, the Dodge County Law Enforcement Center, and the Medical Subcontractor. The case

interpreted as arising in the Middle District of Georgia and therefore unrelated to Defendants at the Dodge County Law Enforcement Center. (See id. at 2, 4-5 & n.3.) Second, the Magistrate Judge appropriately determined multiple Defendants, including the three Plaintiff wants to stay in the case, should be dismissed because (1) Plaintiff failed to mention them by name or raise any allegation specifically associating them with a purported constitutional violation, and (2) liability may not be imposed by virtue of a supervisory position. (Id. at 4-7.) Plaintiff now alleges in conclusory fashion that his alleged improper medical treatment occurred at the Dodge County Law Enforcement Center. (See doc. no. 15.) Furthermore, Plaintiff asserts he told Defendants Law, Barentine, and the Medical Subcontractor at some unidentified time, in some unidentified way, that he needed some type of medical treatment other than what he had been provided. (Id. at 2-3.)

Plaintiff may not avoid dismissal of claims and Defendants by providing piecemeal, conclusory information in his objections that is at odds with the plain language of his original complaint. To the extent Plaintiff wants to change the facts comprising his claims attested to as true under penalty of perjury in his original complaint, he must follow the requirements of Federal Rule of Civil Procedure 15 to amend those claims. However, Plaintiff may not avoid the results of the Magistrate Judge's legally-sound analysis with an about-face change, devoid of factual specificity, to his deficient allegations. Therefore, the Court **OVERRULES** the objections.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DISMISSES** from this case Defendants Sheffield, Law, Barentine, Alan, the Dodge County Law Enforcement Center, and the Medical Subcontractor. The case

shall proceed against Defendant Daniels, as described in the Magistrate Judge's September 8, 2017 Order, based on the allegations concerning deliberate indifference to Plaintiff's safety at the Dodge County Law Enforcement Center.

SO ORDERED this 11th day of October, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE